```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/21/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL CORDERO, *Individually, and On Behalf of All Others Similarly Situated*,

                Plaintiff,

-against-

POLAR ELECTRO INC., and POLAR ELECTRO OY,

                Defendants.

1:22-cv-5688 (MKV)

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

Plaintiff Rafael Cordero brings this putative class action against Polar Electro Inc. ("Polar") and Polar Electro Oy ("PEO"), alleging that Defendants failed to make their website, which sells fitness watches and related goods, fully accessible to visually impaired and legally blind people in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 *et seq.* ("NYCHRL"). Defendant Polar moves to dismiss the claims asserted against it pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion to dismiss is DENIED.

### BACKGROUND[1]

Cordero is a visually impaired person who uses screen-reading software when browsing the internet. *See* First Amended Complaint ¶¶ 1, 4 [ECF No. 14] ("FAC"). He is also a serial litigator, having filed 30 lawsuits in this District since May 2022. *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Rafael Cordero") (last visited Aug. 21, 2023). 29 of

---

[1] The facts are taken from the Amended Complaint, and for purposes of resolving this motion, are accepted as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the Court takes judicial notice of "the fact of other litigation in this District." *Loadholt v. Dungarees, Inc.*, No. 22-CV-4699, 2023 WL 2024792, at *1 n.3 (S.D.N.Y. Feb. 15, 2023).

those lawsuits were filed by his counsel in this case. *See* NYSD ECF, https://nysd-ecf.sso.dcn/cgi-bin/iquery.pl (search for "Edward Kroub") (last visited Aug. 21, 2023).

On three occasions in 2022, Cordero visited www.polar.com (the "Website") to shop for a fitness watch. FAC ¶ 2. But, according to Cordero, the Website contained several access barriers, making it difficult to navigate with screen-reading software. FAC ¶ 4. For example, "[t]he product filter is not accessible," "[s]ome links on the page do nothing," and "[t]he narrator does not say when something is added to the shopping cart." FAC ¶ 4.

## PROCEDURAL POSTURE

Cordero filed this action in July 2022 against Polar *only*, asserting claims for: (1) violation of the ADA, (2) violation of the NYCHRL, and (3) declaratory relief. *See* Complaint [ECF No. 1]. Polar thereafter filed a pre-motion letter, contending that the action should be dismissed against it because the Website was not owned or operated by Polar but instead, was owned by PEO. *See* Letter Motion [ECF No. 11] ("Def. Let."). Polar attached to its submission two documents—(i) a search result from the Internet Corporation for Assigned Names and Numbers ("ICANN"), showing that the Website is registered to PEO and (ii) a Trade Register Certificate for PEO from the Finnish Patent and Registration Office. *See* Def. Let. Cordero opposed that letter motion, in turn attaching (i) a screenshot from the Website directing customers to return their purchases to Defendant Polar at an address in Bethpage, New York and (ii) a company profile on "Polar Electro" from www.datanyze.com, listing the URL for the Website and the same business address in Bethpage, New York. *See* Letter Response [ECF No. 12].

Cordero thereafter filed the FAC, naming *both* Polar and PEO as defendants. *See* FAC. Polar moved to dismiss, again arguing that it is not a proper defendant. *See* Motion to Dismiss [ECF No. 15]; Memorandum of Law in Support [ECF No. 17] ("Def. Mem."). Cordero filed an opposition, *see* Memorandum of Law in Opposition [ECF No. 21] ("Opp."), and Polar filed a reply,

2

*see* Reply Memorandum of Law [ECF No. 25] ("Reply"). Both parties re-filed the documents that they had submitted with their pre-motion letters. *See* Declaration of Christine N. Walz [ECF No. 16] ("Walz Dec."); Declaration of Edward Kroub [ECF No. 22] ("Kroub Dec."). In addition, Polar submitted a declaration of Michael Valentino, President of Polar, dated September 23, 2022, stating that Polar "does not own or operate" the Website. *See* Valentino Declaration [ECF No. 25-1] ("Valentino Dec."). Cordero objected to the submission of this new evidence with the reply brief. *See* Letter Motion [ECF No. 27]. The Court thereafter entered an Order noting that, "[c]onsistent with Second Circuit precedent, the Court [would] not consider arguments or documents raised for the first time in a reply brief." *See* Order [ECF No. 28].

The Clerk's Office issued an Electronic Summons with respect to Defendant PEO on October 21, 2022. *See* Electronic Summons Issued [ECF No. 24]. Cordero has not filed proof of service, and PEO has never appeared in this action.

## **LEGAL STANDARD**

To survive a Rule 12(b)(6) motion to dismiss, the Amended Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court "must accept as true all of the allegations contained in a complaint," this "tenet . . . is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court may consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs'

possession or of which plaintiffs had knowledge and relied on in bringing suit." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (alterations omitted).

## DISCUSSION

### I. The Motion to Dismiss is Denied

Polar contends that it is not a proper defendant to this action. *See* Def. Mem. 4–6. Specifically, Polar argues that the ICANN search result—which lists PEO as "the sole . . . *registrant* for the Website"—demonstrates that PEO is the sole *owner* of the Website. Reply 2 (emphasis added). Cordero responds that the Court may not take judicial notice of the ICANN search result, and even if it could, it does not "show [anything] about ownership or operations of the Website." Opp. 5–6, 11.

The Court need not resolve the judicial notice dispute because, even assuming the Court could consider the ICANN records, Polar would still not establish as a matter of law (or fact) that it is not a proper party to this lawsuit. The ICANN search result indicates that the Website is registered to PEO. But Polar provides no authority indicating that registration establishes *ownership* of a website—never mind *exclusive* ownership. And the documentation provided by Cordero indicates that, notwithstanding the registration of the Website to PEO, Polar may still own or operate the Website, as the Website clearly directs customers to the business name and address of Polar—*not* PEO. *See* Kroub Dec. 3. Given Polar's limited submissions and construing all facts in the light most favorable to Cordero, the Court cannot conclude at this juncture that PEO is the exclusive owner of the Website.[2]

---

[2] In addition to the ICANN search results, Polar also provides the Court with a Trade Register Certificate for PEO from the Finnish Patent and Registration Office. *See* Walz Dec. But this declaration does not speak to which entity (or entities) owns the Website.

The out-of-Circuit authority provided by Polar does not counsel otherwise. *See* Opp. 4 n.4; Reply 2–3. In *SmileDirectClub, LLC v. Berkely*, No. 18-CV-1236, 2018 WL 8131096 (C.D. Cal. Oct. 26, 2018), the court took judicial notice of documents provided by both parties where "[n]either party object[ed] to the other's requests." *Id.* at *4. Because Cordero *does* object here, *SmileDirectClub* is inapposite. Similarly, in *Instructure, Inc. v. Canvas Techologies*, No. 21-CV-454, 2022 WL 43829 (D. Utah Jan. 5, 2022), the court took judicial notice of the fact "that the domain name canvas.com was registered on June 6, 1997." *Id.* at *16. But *Instructure* does not move the needle either, because the ownership of the Website does not appear on the face of the ICANN search records, *unlike* the date of registration at issue there. The same is true of email addresses, which are also clearly listed on ICANN search results. *See* Reply 2–3 (citing *Webroot Inc. v. Singh*, No. 18-CV-01909, 2018 WL 4777413, at *2 (D. Colo. Oct. 3, 2018); *Anderson Boneless Beef, Inc. v. Value Meat, Inc.*, No. 16-CV-7877, 2017 WL 7806359, at *3 (C.D. Cal. Feb. 17, 2017)). Finally, the court in *Vizer v. VIZERNEWS.COM*, 869 F. Supp. 2d 75 (D.D.C. 2012), merely took judicial notice of the fact that "ICANN is a not-for-profit corporation formed in 1998 and selected by the U.S. Department of Commerce to administer the internet domain name system, which links user-friendly names, such as 'uscourts.gov,' to unique numeric addresses that identify servers connected to the internet." *Id.* at 77 & n.3. Polar does not ask the Court to take judicial notice of that fact—or any fact that is easily determinable from a review of the ICANN records. The motion to dismiss is therefore denied.[3]

---

[3] As already stated in the November 15, 2022 Order, the Court has not considered the Valentino Declaration (the "Declaration"), which was submitted by Defendant Polar for the first time with its Reply Brief, because "new arguments may not be made in a reply brief." *Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 112 (2d Cir. 1999). The Court is particularly loath to consider such a document where, as here, the information contained in the Declaration was available to Polar at the time it filed its motion. *See Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). Indeed, the Declaration is dated September 23, 2022—the *same day* that Defendant filed its opening brief. *See* Valentino Dec. In any event, Plaintiff "questions [the] accuracy and legitimacy" of Valentino's assertions. *See* Letter Motion [ECF No. 27]. Such credibility determinations "are jury

### II. Cordero is Directed to Show Cause Why Defendant Polar Electro Oy Should Not Be Dismissed From this Action

Cordero filed the First Amended Complaint, naming Defendant PEO on September 9, 2022. *See* FAC. The Clerk's Office issued an Electronic Summons nearly a year ago—on October 21, 2022. *See* Electronic Summons Issued [ECF No. 24]. However, Cordero never filed proof of service with respect to Defendant PEO, nor has that entity ever appeared in this action.

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Within seven days of the date of this Order, Cordero is HEREBY DIRECTED to show cause, in writing, why this action should not be dismissed with respect to Defendant PEO. In his response, Cordero must address the nearly one-year period in which he has entirely neglected to effectuate service or to prosecute this action with respect to Defendant PEO.

### CONCLUSION

For the foregoing reasons, the motion to dismiss is DENIED. Cordero is FURTHER ORDERED to file a letter showing cause why this action should not be dismissed with respect to Defendant Polar Electro Oy within seven days of the date of this Order.

The Clerk of Court respectfully is requested to terminate ECF No. 15.

**SO ORDERED.**

*[Signature: Mary Kay Vyskocil]*

**Date:   August 21, 2023**              **MARY KAY VYSKOCIL**
**New York, NY**                              **United States District Judge**

---

functions, not those of a judge," and are particularly inappropriate at the pleading stage. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000).